{¶ 27} I must respectfully dissent from the majority as I find that placing Mr. Yount in the scope of employment at the time of the accident.
 {¶ 28} I find that the facts here differ substantially from that of Amstutz v. Prudential Insurance and Boch V. New YorkLife Ins. Co. upon which the majority rely.
 {¶ 29} In Amstutz, the return trip of the insurance salesman was totally integrated with a business purpose.
 {¶ 30} The same is true of Boch as his trip was for the sole purpose of completing a business related training requirement.
 {¶ 31} Here, no business purpose other than good relations with a retired employee was involved. Mr. Yount was not required to attend, but obviously felt it was proper to do so.
 {¶ 32} It would not be unlike a judge attending a bar association sponsored picnic because it maintained good relations with attorneys.
 {¶ 33} I would affirm.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the April 29, 2004 Judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to appellees.